# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| PAUL MENARD,<br>　　　　　　Appellant,<br><br>　　　　v.<br><br>DEPARTMENT OF THE INTERIOR,<br>　　　　　　Agency. | DOCKET NUMBER<br>SF-0752-13-4803-I-1<br><br><br>DATE: August 27, 2014 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Paul Menard, Bellingham, Washington, pro se.

Martha F. Ansty, Esquire, Essex Junction, Vermont, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1　　　The appellant has filed a petition for review of the initial decision, which dismissed his involuntary resignation appeal for lack of jurisdiction.　Generally, we grant petitions such as this one only when:　the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1]　A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.　Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.　In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.　See 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly modified by this Final Order, we AFFIRM the initial decision.

¶2        The appellant's duty station was Glen Jean, West Virginia. Initial Appeal File (IAF), Tab 5, Subtab 4t at 1. In November of 2010, the appellant moved to Montana, at his own expense, for personal reasons. IAF, Tab 8 at 2, 5. However, the agency executed a telework arrangement, primarily to temporarily accommodate his personal needs. *Id*.; IAF, Tab 5, Subtab 4s. Although he continued to work for the West Virginia office, the agency changed the appellant's duty station of record to his new home in Montana. IAF, Tab 5, Subtab 4p.

¶3        By at least February of 2012, the agency was no longer satisfied with the telework arrangement. *See* IAF, Tab 5, Subtab 4m at 1. Not wanting to return to West Virginia, the appellant suggested a variety of options to facilitate his separation. *Id*. at 1-3. Among them, he requested a change in duty station to Bellingham, Washington, to accommodate both a job search and his family's wishes. *Id*. at 2. The agency changed his duty station and telework agreement accordingly. IAF, Tab 5, Subtab 4k, Subtab 4*l* at 3. However, the appellant cancelled his plans to move, and the agency cancelled the change in duty station for his convenience. IAF, Tab 5, Subtab 4f; *see* IAF, Tab 8 at 6 (containing an

explanation from the appellant that his move to Washington did not happen because of the terms of a lease and a family medical issue).

¶4    In May of 2012, the agency notified the appellant that it would be terminating his telework arrangement based on agency needs, effective June of 2012.  IAF, Tab 5, Subtab 4j.  The agency provided advance notice to give the appellant time to arrange his return to West Virginia.  *Id*.

¶5    Days before he was scheduled to appear for work in West Virginia, the appellant requested a temporary extension of the telework arrangement to accommodate his family.  IAF, Tab 5, Subtab 4g.  The agency denied this request, citing an urgent need at the West Virginia office and the exhaustion of tasks that could be completed remotely.  IAF, Tab 8 at 3.  Consequently, the appellant submitted a letter of resignation, effective July 2, 2012.  IAF, Tab 5, Subtab 4c.

¶6    The appellant filed an appeal with the Board in August of 2013.  IAF, Tab 1 at 5.  The administrative judge issued an acknowledgment order, construing the appeal as one of involuntary resignation[2] and directing the appellant to meet his burden of proving that the Board had jurisdiction over his claim.[3]  IAF, Tab 2 at 2.  The appellant responded, arguing that his resignation was the result of duress, coercion, and misrepresentation by the agency.  IAF, Tab 4 at 4.  He alleged that the agency misrepresented its actions as the cancelling of the

---

[2] The narrative included in the appellant's initial appeal also alleged that he was forced to take leave from June 17, 2012, until July 2, 2012.  IAF, Tab 1 at 5.  However, the allegation was intertwined with the appellant's argument that his work environment had become hostile and forced his resignation.  *Id*.  The appellant's pleadings did not appear to assert his leave as a claim separate from his allegation of involuntary resignation.  Moreover, the record contains no indication that his leave was forced.  Instead, the evidence of record indicates that the agency allowed the appellant to take leave until July 2, 2012, to accommodate his return to West Virginia from Montana.  IAF, Tab 8 at 1; *see Yarnell v. Department of Transportation*, 109 M.S.P.R. 416, ¶ 10 (2008) (an employee's voluntary placement in a leave status is not appealable).

[3] The order also directed the appellant to prove the timeliness of his appeal, as it had been filed more than a year after his resignation.  IAF, Tab 2 at 3.  However, because the judge found that the Board lacked jurisdiction, the judge's dismissal did not address the timeliness of the appeal.  IAF, Tab 10, Initial Decision (ID) at 1 n.1.

telework arrangement when it should have instead provided him rights associated with a directed reassignment or reduction in force (RIF). *Id*. at 6. According to the appellant, this coerced him into resigning. *Id*. The agency submitted a motion to dismiss. IAF, Tab 9 at 4-10.

¶7 Without holding a hearing, the administrative judge dismissed the appeal for lack of jurisdiction. ID. He concluded that the appellant failed to present a nonfrivolous allegation that his resignation was involuntary. ID at 9. The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has filed a response. PFR File, Tab 3.

<u>The appellant failed to nonfrivolously allege that his resignation was involuntary due to coercion.</u>[4]

¶8 The Board's jurisdiction is not plenary; it is limited to those matters over which it has been given jurisdiction by law, rule or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). An appellant has the burden of proving, by preponderant evidence,[5] that his appeal is within the Board's jurisdiction. 5 C.F.R. § 1201.56(a)(2)(i).

¶9 An employee-initiated action, such as a resignation, is presumed to be voluntary and thus outside the Board's jurisdiction. *Gibeault v. Department of the Treasury*, 114 M.S.P.R. 664, ¶ 6 (2010). In order to overcome the presumption that a resignation was voluntary, an appellant must show that: (1) the resignation was the product of misinformation or deception by the agency; or (2) the resignation was the product of coercion by the agency. *Vitale v.*

---

[4] The appellant's petition for review appears premised on allegations of misrepresentation rather than coercion. *See* PFR File, Tab 1 at 5-6. However, to the extent that he intended to intertwine arguments of misrepresentation and coercion, as he did below, we will address each. *See Hosozawa v. Department of Veterans Affairs*, 113 M.S.P.R. 110, ¶ 7 (2010) (pro se filings are to be construed liberally).

[5] A preponderance of the evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.56(c)(2).

*Department of Veterans Affairs,* 107 M.S.P.R. 501, ¶ 19 (2007). An appellant is entitled to a jurisdictional hearing if he makes a nonfrivolous allegation[6] that the Board has jurisdiction over his appeal. *Gibeault,* 114 M.S.P.R. 664, ¶ 6.

¶10    In his initial appeal, the appellant asserted that "the agency created a hostile work environment through repeated misrepresentation of facts, false accusations, hostile posturing, and punitive acts," coercing him to resign. IAF, Tab 4 at 4, 6. According to the appellant, he was "duped into a game of bait-and-switch." *Id*. at 5. However, the administrative judge concluded that the appellant's resignation was not involuntary due to coercion, ID at 8-9, and we agree.

¶11    To establish involuntariness on the basis of coercion, an appellant must show that the agency effectively imposed the terms of the resignation, the appellant had no realistic alternative but to resign, and his resignation was the result of improper acts by the agency. *Vitale,* 107 M.S.P.R. 501, ¶ 19. The touchstone of the "voluntariness" analysis is whether, considering the totality of the circumstances, factors operated on the employee's decision-making process that deprived him of freedom of choice. *Id*.

¶12    One example of an involuntary resignation based on coercion is a resignation induced by a threat to take a disciplinary action that the agency knows cannot be substantiated. *Staats v. U.S. Postal Service*, 99 F.3d 1120, 1124 (Fed. Cir. 1996). A resignation also is coerced where an agency takes steps against an employee, "not for any legitimate agency purpose but simply to force the employee to quit." *Id*. However, "[t]he doctrine of coercive involuntariness is a narrow one." *Id*. An employee's decision to resign to avoid a transfer that an agency has the authority to direct is not involuntary, even if it makes the job "so unpleasant for the employee that he feels that he has no realistic option but to

---

[6] Nonfrivolous allegations of Board jurisdiction are allegations of fact which, if proven, could establish a prima facie case that the Board has jurisdiction over the matter at issue. *Gibeault*, 114 M.S.P.R. 664, ¶ 6.

leave." *Id*. The employee's decision is not made involuntary merely by the requirement that he choose between two unattractive alternatives. *Id*.

¶13 Here, the record is filled with evidence that the appellant's move to Montana was intended as a temporary accommodation to meet his personal needs. *See, e.g.*, IAF, Tab 8 at 5-6, 9 (acknowledging that the move to Montana was to accommodate the appellant's personal needs, was not intended to be permanent, and was to be reevaluated a year after its inception). The record also establishes that the appellant's return to West Virginia was necessary to meet organizational needs. *See, e.g.*, *id*. at 3-4 (detailing organizational changes, including the passing of another agency employee, that made the physical presence of the appellant's position in West Virginia critical, and indicating that the agency had no more tasks that could be performed remotely). Finally, the record establishes that the agency provided the appellant with almost 1-month's advance notice to return to West Virginia, after previously advising him that the telework arrangement was nearing its close. IAF, Tab 5, Subtab 4m at 1-3 (February 23, 2012 email from the appellant preparing for an end to the telework arrangement), Subtab 4j (May 9, 2012 notice directing the appellant to return to West Virginia by June 4, 2012), Tab 8 at 1, 3 (June 8, 2012 letter reflecting discussions dating from February 2012 of the planned termination of the telework arrangement and permitting the appellant to take leave as needed before reporting to West Virginia by July 2, 2012).

¶14 None of the evidence in the record suggests that the agency took steps to force the appellant to quit. While the appellant may have preferred to stay in Montana, he failed to nonfrivolously allege that his decision to resign rather than return to West Virginia was coerced.

The appellant failed to nonfrivolously allege that his resignation was involuntary due to misinformation.

¶15 The appellant alleged, both below and on petition for review, that his resignation was involuntary due to misinformation. IAF, Tab 4 at 4, 6; PFR File,

Tab 1 at 6. According to the appellant, he was "deprived of critical information" regarding the directive to return to West Virginia, which prevented him from making an informed decision. PFR File, Tab 1 at 6. We disagree.[7]

¶16     To establish involuntariness on the basis of misinformation, an appellant must show that the agency provided misinformation, he materially relied on that misinformation, and his reliance was to his detriment. *Paige v. U.S. Postal Service,* [106 M.S.P.R. 299](link), ¶ 9 (2007). Here, the appellant's argument is premised on the assertion that the agency was not only cancelling a telework arrangement, it was also subjecting him to a directed reassignment or a RIF. IAF, Tab 4 at 6; PFR File, Tab 1 at 6. He suggests that the agency never informed him that it could require his return to West Virginia by simply cancelling the telework agreement. PFR File, Tab 1 at 6.

¶17     Although the appellant alleges that he was misinformed about the agency's ability to require his return to West Virginia and that this resulted in his resignation, the record reflects otherwise. As detailed above, the record establishes that the telework arrangement was intended to be temporary. Two weeks after receiving official notice that his telework arrangement would not be continued, the appellant responded to the agency by letter stating, in pertinent part, that his move to Montana was intended to be a temporary solution to his personal needs, and that he would have to return to West Virginia or be "off the roles" at some point. IAF, Tab 8 at 5-6, 9. The letter also includes the remark, "I do not dispute the agency's authority to terminate our telework agreement or reassign me." *Id.* at 5.

¶18     While the appellant puts great emphasis on the fact that the duty station on his Standard Form 50 listed his home in Montana, the location of the position continued to be listed as Glen Jean, West Virginia. IAF, Tab 5, Subtab 4k. Further, the telework agreement provided that the agency could suspend it and

---

[7] We modify the initial decision, which did not specifically address this argument, to include our finding that the appellant's resignation was not the result of misinformation.

"require the employee to resume working at the official duty station."  IAF, Tab 5, Subtab 4*l* at 6.  The appellant was well-informed that the arrangement was temporary.  *See, e.g.*, IAF, Tab 5, Subtab 4m at 2 (stating, "[i]f I were single and unencumbered I would move back tomorrow," while indicating that personal circumstances made the move difficult), Subtab 4r (email chain in which the agency expressed its reluctance to change the appellant's duty station and the appellant advised that it was necessary for him for residency and tax reasons), Tab 8 at 9 (acknowledging that a claim of relocation expenses to return to West Virginia would "violate the *spirit and intent of our agreement*" (emphasis in original)).  Therefore, the appellant failed to meet his burden of nonfrivolously alleging that his resignation was involuntary due to misinformation.

<u>The appellant's allegation that he was subject to a directed reassignment does not bring his appeal within the Board's jurisdiction.</u>

¶19    The appellant argues that the agency subjected him to a directed reassignment, for which he should have been provided "regulations and entitlements."  IAF, Tab 4 at 6; *see* PFR File, Tab 1 at 6.  He questioned the agency's authority to force his return to West Virginia.  PFR File, Tab 1 at 6.

¶20    Although the appellant alleged that he was due reassignment rights, the Board lacks jurisdiction over reassignments absent a reduction in grade or pay, or unless the reassignment resulted in a coerced resignation or a removal.  *See Miller v. Department of Interior*, 120 M.S.P.R. 426, ¶¶ 9-24 (2013) (an agency must have a bona fide reason for a directed geographic reassignment and may not reassign an employee as a veil to effect separation); *Bishop v. Department of Commerce*, 62 M.S.P.R. 138, 141-42 (1994).  Here, the appellant's grade and pay remained the same despite the directive to return to West Virginia from Montana.  IAF, Tab 5, Subtabs 4e, 4p.  Further, as discussed above, we find that the appellant's resignation was not coerced.  While the appellant alleges that his resignation was an involuntary result of the agency's directive to return to West Virginia, he has not alleged that the agency had an improper motive for directing

this return.  Instead, the record establishes that the agency had a bona fide reason for requiring that he return to West Virginia.  IAF, Tab 8 at 3; *see* IAF, Tab 5, Subtab 4m at 1 (email from the appellant acknowledging that the telework arrangement was negatively impacting the agency's operations).  Therefore, even if the cancellation of his telework arrangement amounted to a directed reassignment, as the appellant alleges, this does not bring his appeal within the Board's jurisdiction.

The appellant was not subjected to a RIF.

¶21    The appellant argues that he was subjected to a RIF, for which he should have been provided rights.  IAF, Tab 4 at 6; PFR File, Tab 1 at 6.  We disagree.

¶22    A RIF is an administrative procedure by which an agency eliminates jobs for certain listed reasons, including lack of work or reorganization, and releases employees from their competitive levels by furlough of more than 30 days, separation, demotion, or reassignment requiring displacement.  *Burger v. U.S. Postal Service*, 93 M.S.P.R. 582, ¶ 9 (2003), *aff'd sub nom. Hayes v. U.S. Postal Service*, 390 F.3d 1373 (Fed. Cir. 2004); 5 C.F.R. § 351.201(a)(2).  An employee who has been furloughed for more than 30 days, separated, or demoted by a RIF may appeal to the Board.  *Bodus v. Department of the Air Force*, 82 M.S.P.R. 508, ¶ 7 (1999); 5 C.F.R. § 351.901.

¶23    As previously explained, the agency directed the appellant to return to West Virginia, but he was not furloughed for more than 30 days, separated, or demoted by a RIF.  Further, where, as here, an agency action is directed at an individual, rather than a position, it is not a RIF.  *E.g.*, *LaMell v. Armed Forces Retirement Home*, 104 M.S.P.R. 413, ¶ 11 (2007); *Baker v. Department of Homeland Security*, 99 M.S.P.R. 92, ¶ 6 (2005).  The agency merely ended the telework arrangement, as it was entitled to do, directing the appellant to return to West Virginia to continue performing the same position, at the same grade and pay.

*See* IAF, Tab 5, Subtabs 4e, 4j. Therefore, the appellant was not subject to a RIF within the Board's jurisdiction.

¶24    In conclusion, the appellant failed to meet his burden of proving that his resignation was involuntary, or that the agency subjected him to any other action within the Board's jurisdiction. Therefore, we deny the petition for review and affirm the initial decision to dismiss the appeal for lack of Board jurisdiction.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to request the United States Court of Appeals for the Federal Circuit to review this final decision. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov.

Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.